**FILED**

**August 1, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 9:18 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT COOKEVILLE

| | | |
|---|---|---|
| James Gentry, Jr., | ) | Docket No. 2017-04-0085 |
|     **Employee,** | ) | |
| v. | ) | |
| Danny Roberts Const., | ) | State File No. 18085-2017 |
|     **Employer,** | ) | |
| And | ) | |
| Auto Owners, | ) | Judge Robert Durham |
|     **Insurance Carrier.** | ) | |
| | ) | |

## EXPEDITED HEARING ORDER DENYING BENEFITS

This matter came before the undersigned Workers' Compensation Judge on July 25, 2017, upon James Gentry, Jr.'s Request for Expedited Hearing (REH). Mr. Gentry filed the Request to determine if Danny Roberts Construction (DRC) is obligated to provide benefits for his alleged work-related right shoulder injury. The dispositive issue is whether Mr. Gentry's shoulder complaints arose primarily out of and in the course and scope of his employment with DRC. The Court holds Mr. Gentry failed to submit sufficient evidence to establish he is likely to prove his complaints are primarily due to his employment. Thus, his request is denied at this time.

### History of Claim

The testimony in this matter provided two accounts of the events of March 6 and 7, 2017–that of Mr. Gentry versus other employees of DRC.

Mr. Gentry worked as a truck driver and mechanic for DRC. He testified that on Monday, March 6, he drove to work, parked his truck, and walked across the lot to the shed, passing fellow truck-driver Ron Reagans on the way. He testified that their supervisor, Chris Sides, had already left DRC's facilities on his way to a job. Upon arriving at the shed, he and another truck driver, Tristan Ramsey, began work on removing a transmission.

1

After working for a few hours, Mr. Gentry and Mr. Ramsey encountered a particularly tight bolt, which required Mr. Gentry to insert the handle of one wrench into another wrench in order to gain extra leverage. While pulling on the second wrench with considerable force, the bolt suddenly gave way, causing Mr. Gentry's fully extended right arm to slam back against his right shoulder. Mr. Gentry claimed he heard something pop and felt immediate shoulder pain. He yelled out and told Mr. Ramsey that he just hurt his shoulder. He then tried to remove another bolt but needed Mr. Ramsey's assistance to loosen it.

Mr. Gentry went to the front office and told the secretary, Rosemary Hudson, that he injured his shoulder and needed to see a doctor. She told him he would need to talk to Mr. Sides about it. About a half-hour later, Mr. Sides called Mr. Gentry and asked him if he could move some equipment before he went to the doctor because it was going to rain. Mr. Gentry agreed, and later that afternoon, he and Teresa Hogue, another driver, went to move the equipment. Mr. Gentry asked Ms. Hogue to accompany him because he was afraid he would not be able to shift gears given the pain in his shoulder.

Mr. Gentry testified that, given the hour after he finished moving the equipment, he decided to wait until the next day to go to the doctor. Upon arriving at work on March 7, he told Mr. Sides, who was sitting in the parking lot in his truck, that he needed medical care for his shoulder. He stated Mr. Sides asked him to oversee some additional mechanical work before doing so and Mr. Gentry agreed.

After overseeing the work for a few hours, Mr. Gentry went to Susie Dyer, P.A., and told her he felt pain in his right shoulder after he heard it pop while trying to loosen a bolt. P.A. Dyer diagnosed a shoulder strain, provided him with anti-inflammatories and pain medication, and kept him off work until a follow-up on Friday. Upon his return, Mr. Gentry stated he still could not raise his arm above ninety degrees without intense pain and felt like a "knife was stuck in his shoulder joint." At some point, P.A. Dyer talked with Mr. Roberts, DRC's owner, who informed her Mr. Gentry's claim was being denied because he told co-workers he injured his shoulder at home the previous weekend. (Ex. 2.)

Mr. Gentry testified he has not worked at any job providing an income since March 7, although he has done minor tasks at home and for his parents. On cross-examination, he denied injuring his shoulder on the weekend before March 6 or telling Mr. Sides or any of his co-workers on March 6 that he injured his right shoulder the previous weekend while cutting wood for his father.

Following Mr. Gentry's testimony, DRC offered a number of witnesses who

2

provided a different account of the events of March 6 and 7.[1] Mr. Sides testified that on the morning of March 6, he was sitting in his truck before work. Ms. Hogue sat beside him. Mr. Gentry approached his truck window and told him that he hurt his shoulder over the weekend cutting wood for his father and it hurt so badly he had trouble even shifting the gears on his truck. Mr. Sides told him that if his shoulder hurt that much, he should probably go to the doctor. Mr. Sides then left to go to another worksite and did not talk with Mr. Gentry the rest of the day. He testified he assumed Mr. Gentry went to the doctor and did not know until later that day that he stayed to move the equipment.

On cross-examination, Mr. Sides denied Mr. Gentry's assertion that he was not at DRC when Mr. Gentry arrived for work on March 6. He testified that this was his first week as supervisor and he made sure he was there every day to see to it that everyone knew their work assignments. He further disputed Mr. Gentry's assertion that the conversation at his truck window could have occurred on Tuesday rather than Monday; however, he did agree he asked Mr. Gentry on Tuesday to oversee some mechanical work before going to the doctor.

Ms. Hogue testified that, on the morning of March 6 before work actually started, she was standing next to her truck when she overheard Mr. Gentry tell Mr. Sides that he injured his shoulder over the weekend. She further stated that Mr. Gentry told her later that afternoon that he injured his shoulder while cutting wood for his father. Mr. Reagans testified that on Monday, March 6, again before work started, he overheard Mr. Gentry tell Mr. Sides that he hurt his shoulder over the weekend while cutting wood for his father.

### Findings of Fact and Conclusions of Law

As in all workers' compensation actions, Mr. Gentry, as the employee, has the burden of proof on the essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, since this is an expedited hearing, he only has to come forward with sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits in order to meet his burden. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

In order to prevail, Mr. Gentry must establish he suffered an accidental injury "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A) (2016). A finding that Mr. Gentry is likely to prevail at a hearing on the merits regarding the compensability of his claim first requires

---

[1] While Mr. Ramsey was listed on DRC's witness list, it did not call him to testify. Mr. Gentry did not provide a witness list.

3

the Court to find it likely that he actually injured his right shoulder at work on March 6, 2017. Given the testimony provided, the Court is unable to do so.

Mr. Gentry flatly testified that he did not tell anyone on March 6 that he hurt his shoulder while cutting wood for his father over the weekend because he had not hurt his shoulder that weekend. Not one, but three witnesses contradicted this testimony; all three said that Mr. Gentry told them, or they overheard him telling Mr. Sides, that he hurt his shoulder at home over the weekend. While there were some minor variations in their accounts, the Court does not find them sufficient to impeach the witnesses' credibility. Furthermore, Mr. Gentry did not provide any evidence that cast doubt on their testimony other than his own differing version of events.

Given the record as a whole, the Court finds the testimony of Mr. Sides, Ms. Hogue, and Mr. Reagans to be more credible regarding the events of Monday, March 6. As a result, the Court holds Mr. Gentry is unlikely to prevail at a compensation hearing in establishing his right shoulder complaints arose primarily out of and in the course and scope of a work-related injury on March 6, 2017.

IT IS, THEREFORE, ORDERED that:

1. Mr. Gentry's request for workers' compensation benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on **September 5, 2017**, at **9:30 a.m. Central Time**. The parties must call 615-253-0010 or toll-free at 855-689-9049 to participate in the hearing. Failure to call in may result in a determination of the issues without your further participation.

**ENTERED THIS THE 1ST DAY OF AUGUST, 2017.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

4

## APPENDIX

Exhibits:

1. Mr. Gentry's affidavit
2. Records of P.A. Susie Dyer
3. Notice of Denial
4. Wage Statement
5. First Report of Injury
6. Employee Report of Occupational Injury or Illness
7. Facebook page dated June 3
8. Facebook page with comments dated May 19

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. DRC's Witness List
5. DRC's Response Brief

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Benefits was sent to the following recipients by the following methods of service on this the 1st day of August, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| James Gentry, Jr. | X | | X | James Gentry, Jr.<br>48 Judd Lane<br>Lancaster, TN 38569<br>Jamesgentryjr72@gmail.com |
| Alaina Beach | | | X | Alaina.beach@mgclaw.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

5